**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
Fax: 480.659.4255
James M. Jellison, Bar #012763
E: jim@jellisonlaw.com
*Counsel for Defendants DO Alcantar, DO Warner, and (former) Sheriff Lamb*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE STATE OF ARIZONA

| | |
|---|---|
| Trinity Olson,<br><br>    Plaintiff,<br><br>v.<br><br>J. and Jane Doe Alcantar, et al.,<br><br>    Defendants. | Case No. 2:23-cv-01064-JJT-ASB<br><br>**DEFENDANTS DO ALCANTAR, DO WARNER, AND SHERIFF LAMB'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**(Doc. 85)**<br><br>**(Jury Trial Demanded)** |

Defendants DO Alcantar, DO Warner, and former Pinal County Sheriff Lamb[1] (also referred to collectively as the "County Defendants"), by and through counsel undersigned, in response to Plaintiff's Second Amended Complaint (the "Complaint") admit, deny and allege as follows:

1. As to the allegations contained in the following Paragraphs of Plaintiff's Complaint, the County Defendants admit the following: **15.** The County Defendants affirmatively allege that decedent Olin, during detention screening, denied a medical condition requiring attention or treatment and denied any serious withdrawal symptoms associated with drug or alcohol use.

---

[1] Former Pinal County Sheriff Lamb is not a Defendant in Count Two of the Second Amended Complaint, and Plaintiff does not allege a *Monell* claim. (Doc. 98, pg. 5 of 7, lls. 7-14). Upon information and belief, the Alcantar and Warner Doe spouses were not served.

2. As to the allegations contained in the following Paragraphs of Plaintiff's Complaint, the County Defendants deny the following: **2, 16, 17, 20, 22, 23, 24, 30, 32, 35, 36, 38, 39, 40, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54, 60, 61, 67, 68, 69, 70, 71, 72, 73, 74,** and **75.**

3. As to the allegations contained in the following Paragraphs of Plaintiff's Complaint, the County Defendants are without sufficient information or knowledge to admit or deny the allegations: **1 as to Plaintiff Olson's residency, 11, 13, 21, 26, 27, 28, 29, 31, 33, 34, 42, 59, 62,** and **63.** As a result, the County Defendants deny the allegations. Notwithstanding the responses to allegations contained in Paragraphs **26, 27, 28,** and **29,** the County Defendants are aware a death investigation was conducted.

4. As to the allegations contained the following Paragraphs of Plaintiff's Complaint, the allegations contain legal conclusions only that are subject to neither admission nor denial: **1 as to the basis of Plaintiff Olson's legal theories, 19**, **37, 56, 57,** and **58.** To the extent the allegations are deemed factual, they are denied.

5. The allegations contained in following Paragraphs of the Complaint, are directed at other parties, or dismissed, parties, and therefore do not require a response on behalf of the remaining County Defendants: **5, 6, 7, 9, 12, 14, 18, 41, 53, 64, 65,** and **66.** To the extent they are considered factual and directed at any remaining County Defendant, they are denied.

6. As to the allegations contained in Paragraph **3** of the Complaint, Defendant Alcantar admits only that at all material times referenced in the Complaint he was employed as a Pinal County Sheriff's Detention Officer, performed services at the Pinal County Adult Detention Center, and was acting within the course and scope of his employment. Defendant Alcantar denies the remaining allegations contained in paragraph **3** of the Complaint as calling for legal conclusions, or directed to a party or parties not served..

7. As to the allegations contained in Paragraph **4** of the Complaint, Defendant Warner admits only that at all material times referenced in the Complaint he was employed as a Pinal County Sheriff's Detention Officer, performed services at the Pinal County Adult

Detention Center, and was acting within the course and scope of his employment. Defendant Warner denies the remaining allegations contained in paragraph **4** of the Complaint as calling for legal conclusions, or directed to a party or parties not served.

8.   As to the allegations contained in Paragraph **8** of the Complaint, Defendant Mark Lamb admits only that at all times material to the allegations in Plaintiff's Complaint he was the duly elected Sheriff of Pinal County, Arizona, and is named in his official capacity. Sheriff Lamb denies he directly supervised the alleged activities of detention staff named in Plaintiff's Complaint.

9.   As to the allegations contained in Paragraph **10** of the Complaint, the County Defendants admit only that Olin Olson was booked into the Pinal County Jail on or about June 5, 2022. County Defendants deny the remaining allegations in Paragraph **10** of the Complaint based on insufficient knowledge.

10.   As to the allegations in Paragraph **25** of the Complaint, the County Defendants admit only that Detention Officer Warner observed decedent Olson on the floor of his cell, unresponsive on or about June 11, 2022. As to the remaining allegations contained in Paragraph **25** of the Complaint they are based on written reports or official public documents, none of which were created by the County Defendants.

11.   As to the allegations contained in Paragraph **55** of the Complaint, the County Defendants reallege and incorporate all previous responses.

12.   County Defendants deny Plaintiff's entitlement to any form of relief, however denominated or described.

13.   County Defendants deny any and all factual allegations not expressly admitted to herein.

14.   County Defendants demand trial by jury on all triable issues.

## AFFIRMATIVE DEFENSES

1.   County Defendants assert that Plaintiff has failed to state claims upon which relief may be granted, including, but not limited to absence of duty, adherence to standard of care, absence of causation, violation of constitutional rights, absence of damages caused

or aggravated by any conduct of any County Defendant.

2. County Defendants assert failure to mitigate damages.

3. County Defendants assert offset or application of amounts received in mitigation.

4. County Defendants assert statute of limitations.

5. County Defendants assert that some or all of Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies, including, but not limited to, failure to submit or file a timely and/or proper notice of claim and/or to submit a proper grievance or similar administrative complaint.

6. County Defendants assert entitlement to all immunities applicable under federal and/or state law including, without limitation, all immunities afforded public entities and/or public employees, absolute or qualified.

7. County Defendants assert that Plaintiff is wholly, comparatively, and/or contributorily at fault.

8. County Defendants assert that other parties, either named or not named, are wholly, comparatively, and/or contributorily at fault, including decedent Olin Olson.

9. County Defendants assert that they acted lawfully at all times, and that all alleged conduct is legally justified and/or privileged under both state and federal law.

10. County Defendants assert that they acted at all times, lawfully and within the appropriate standard of care.

11. County Defendants assert the absence of *respondeat superior*, the absence of municipal liability, and/or the absence of other forms of vicarious liability.

12. County Defendants plead intervening and/or superseding causes.

13. County Defendants assert that Plaintiff's claims are barred or precluded based on the application of waiver and/or estoppel.

14. County Defendants assert there are indispensable parties subject to permissive and/or mandatory joinder, including, but not limited to Plaintiff's spouse, if applicable.

15. County Defendants assert all defenses available to them under Arizona's wrongful death statute and any and all common law principles related to wrongful death.

16. Although the answering County Defendants do not presently have specific facts in support of the remaining defenses, they wish to put counsel for Plaintiff upon notice that they raise the following defenses which, through subsequent discovery may, indeed, be supported by the facts: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, set-off, failure to join an indispensable party, failure of consideration, fraud, illegality, laches, license, payment, release, res judicata, and statute of frauds.

WHEREFORE, County Defendants respectfully pray that Judgment be entered in their favor, and against Plaintiff, and that they be awarded all attorneys' fees, costs, and other forms of relief deemed just by this Court.

DATED this 12th day of January, 2026.

JELLISON LAW OFFICES, PLLC

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for County Defendants Alcantar, Lamb, and Warner*

## CERTIFICATE OF FILING & SERVICE

I hereby certify that on January 12, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:

Richard D. Lyons
Jason M. Kelly
Anoop Bhatheja
**KELLY & LYONS, PLLC**
5020 E. Shea Blvd., Ste. 150
Scottsdale, Arizona 85254
T: 480.867.3410
E: rlyons@kellylyonslaw.com
E: jkelly@kellylyonslaw.com
E: abhatheja@kellylyonslaw.com
*Counsel for Plaintiff*

Brandi Blair
Jack Klecan
Ashley Caballero-Daltrey
**JONES, SKELTON & HOCHULI, PLC**
40 North Central Ave, Suite 2700
Phoenix, AZ 85004
BBlair@jshfirm.com
JKlecan@jshfirm.com
*Counsel for Medical/Wexford Defendants*


By: s/ *James M. Jellison*